IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

PENTA LESLIE SWANSON,

      Plaintiff,

v.

NANCY M. BERRYHILL, Acting
Commissioner of
Social Security,

      Defendant.

Case No. 6:16-CV-01615
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Penta Leslie Swanson brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Supplemental Security Income ("SSI"). For the reasons set forth below, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

## BACKGROUND

On May 13, 2013, plaintiff applied for SSI. She alleged disability beginning December 1, 2009, due to Post-Traumatic Stress Disorder ("PTSD"), Major Depressive Disorder with

suicidal ideation and a history of multiple suicide attempts, attention deficit hyperactivity disorder, and borderline personality disorder. Plaintiff's SSI application was denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on January 13, 2015. At the hearing, plaintiff was represented by an attorney, and a Vocation Expert ("VE') testified. On February 20, 2015, the ALJ issued a decision denying plaintiff's claim for benefits. After the Appeals Council denied review, plaintiff filed the present complaint in this Court.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (citation and quotation marks omitted). The court must weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4); *id.* § 416.920(a)(4). At step one, the ALJ found plaintiff had not engaged in "substantial gainful activity" since the application date, May 13, 2013. 20 C.F.R. §§ 404.1520(a)(4)(i), (b); *id.* §§ 416.920(a)(4)(i), (b). At step two, the ALJ found plaintiff had the following severe impairments as of the alleged onset date: PTSD, attention deficit hyperactivity disorder ("ADHD"), major depressive disorder, and borderline personality disorder. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *id.* §§ 416.920(a)(4)(ii), (c).

At step three, the ALJ determined that plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); *id.* §§ 416.920(a)(4)(iii), (d).

Before moving on to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e); *id.* § 416.920(e). The ALJ found that plaintiff could "perform a full range of work at all extertional levels but with the following nonexertional limitations: [...] simple instructions [...] few, if any, workplace changes [...] occasional and indirect contact with coworkers and the general public." Tr. at 26. At step four, the ALJ concluded that plaintiff is unable to perform her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f); *id.* §§ 416.920(a)(4)(iv), (f). At step five, however, the ALJ found that

plaintiff could perform work in the national economy; specifically, plaintiff could work as a library helper, photo finisher, or office checker. 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1).

Accordingly, the ALJ found plaintiff not disabled and denied her applications for benefits.

## DISCUSSION

Plaintiff contends the ALJ committed reversible error at three places in the five-step analysis. First, plaintiff asserts the ALJ erred in formulating the RFC with regard to limitations in concentration, persistence, and pace. Plaintiff also avers that the ALJ erred in discounting certain medical opinion evidence. Finally, plaintiff contends that the ALJ erred in discounting her symptom testimony.

### I. *RFC ANALYSIS*

The RFC is the most a person can do, despite his or her physical or mental impairments. 20 C.F.R. §§ 404.1545, 416.945. In formulating the RFC, the ALJ must consider all medically determinable impairments, including those that are not "severe," and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. *Id.*; SSR 96-8p, 1996 WL 374184. In determining a claimant's RFC, the ALJ is responsible for resolving conflicts in the medical testimony and translating the claimant's impairments into concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

Here, the ALJ accepted that plaintiff, "[w]ith regard to concentration, persistence[,] or pace," [...] "has moderate difficulties." Tr. at 26. In the RFC, however, the ALJ does not

address her finding of moderate difficulties with concentration, persistence, or pace, instead "...find[ing] that the claimant has the residual functional capacity" [...] "with the following nonexertional limitations: the claimant can understand and carry out simple instructions in a work environment with few, if any, workplace changes. The claimant is limited to occasional and indirect contact with coworkers and the general public." *Id.* This RFC formulation does not incorporate the ALJ's own findings that plaintiff has moderate difficulties with concentration, persistence, and pace. "The hypothetical an ALJ poses to a vocational expert, which derives from the RFC, 'must set out all the limitations and restrictions of the particular claimant.' Thus, an RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir 2009) citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir.1988). Accordingly, the RFC here is defective, and this is a harmful legal error..

## II.   *MEDICAL OPINION EVIDENCE*

### a.   *Dr. Linda Fishman's Testimony*

Plaintiff avers that the ALJ erred in discounting the opinions of examining psychologist Dr. Linda Fishman. Specifically, plaintiff contends that the ALJ failed to provide legally sufficient bases supported by substantial evidence in the record to discount Dr. Fishman's opinion.

The ALJ is responsible for resolving all conflicts and ambiguities in the record. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). An ALJ can reject the contradicted opinion of a treating doctor, such as Dr. Fishman, for specific and legitimate reasons supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, the ALJ gave Dr. Fishman's opinion little weight because of the discrepancy between the daily activities performed by plaintiff and the Dr. Fishman's report. The ALJ found that plaintiff's social and academic activities, including excellent academic performance, albeit with accommodations, acting in a play for theater class, and regular attendance at Alcoholics Anonymous ("AA") meetings, were inconsistent with the opinion evidence of Dr. Fishman. Dr. Fishman opined that plaintiff "would have difficulties coping with stress in a competitive work environment and with remembering a schedule and attending or completing a normal work-day or work-week[,]" and that plaintiff, "was generally unable to interact appropriately with co-workers or customers." Tr. at 29. Further, this finding was contradicted by the medical opinion of reviewing State agency psychologist Dr. Joshua Boyd, as well as the State agency psychologist who reviewed the record on reconsideration, Dr. Bill Hennings. Both reported that plaintiff would "succeed in a mostly static work environment with little or gradual change." *Id.*

The ALJ cited specific and legitimate reasons for giving the opinion of Dr. Fishman little weight. Thus, the ALJ committed no error here.

     b.  *Testimony of Treating Mental Health Clinicians, Noni Allerdice, MS, CADL; Terry LaCross, QMHA; and Barbara Russell, PMHNP*

Plaintiff also avers that the testimony of treating mental health clinicians Noni Allerdice, MS, Terry LaCross, QMHA, and Barbara Russell, PMHNP was erroneously discounted by the ALJ. Under 20 C.F.R. § 416.913(d), a non-medical treatment provider, such as a counselor or therapist, is not considered to be a valid medical source. Non-medical sources of observations to help the ALJ determine if a claimant is disabled may be rejected by offering any germane reasons to the opinion. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

In this case, the ALJ discounted the opinions of Ms. Allerdice and Ms. Russell as they seemed to be based largely on plaintiff's self-reported symptoms, which the ALJ found not to be entirely credible. An ALJ may reject a source opinion "if it is based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th cir. 2008). Ms. Allerdice opined that the plaintiff had anxiety when feeling pressured with tests and had difficulty focusing. Ms. Russell opined that the plaintiff had anxiety about her school work and her grades. The ALJ properly found that this was inconsistent with the record, as the plaintiff has excellent grades at her university.

The ALJ rejected Ms. LaCross' opinion because it was not found to be consistent with the activities of daily living of the plaintiff. Ms. LaCross opined that she did not believe that plaintiff was capable of completing paperwork or leaving her house, and the ALJ found this opinion to be inconsistent with the record, specifically with plaintiff's ability to thrive academically at the University of Oregon ("UO") and regularly attend Alcoholics Anonymous meetings.

The ALJ discounted the opinions of Mses. Allerdice, Russell, and LaCross on the basis that their opinions were inconsistent with the record, and the ALJ properly gave these opinions little weight. These reasons were germane to the determination made by the ALJ. Therefore, the ALJ did not err in discounting these opinions.

III.     *SUBJECTIVE SYMPTOM TESTIMONY*

Plaintiff argues that the ALJ failed to provide legally sufficient reasons to reject her testimony about the extent of her cognitive limitations. When a claimant's medically documented impairments reasonably could be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can

reject the claimant's testimony about the severity of ... symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which ... testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995). If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff argues that the ALJ erred by failing to provide clear and convincing reasons supported by substantial evidence in the record to discredit Plaintiff's symptom testimony. Specifically, plaintiff takes issue with the way the ALJ used the opinion of Dr. Linda Fishman, the ALJ's characterization of the overall record as not supporting plaintiff's testimony, and the ALJ's discrediting of plaintiff's testimony based on her reported activities of daily living.

Plaintiff characterizes the way the ALJ used the opinion report of Dr. Linda Fishman as taking one page out of the context of the whole record, and ignoring some of the other parts of the doctor's opinion that may be useful to plaintiff's position. Plaintiff asserts that using part of a doctor's opinion report while discounting other parts does not satisfy the clear, convincing, and substantial evidence standard for evidence that contradicts plaintiff's alleged symptoms. However, the ALJ is entitled to deference in their interpretation of the evidence under 42 U.S.C. § 405(g), as well as 20 C.F.R. § 416.927 and SSR 96-2p. "Substantial evidence is such relevant evidence as a reasonable mind might, upon consideration of the entire record, accept as adequate to support a conclusion." *McCarthy v. Apfel*, 221 F.3d 1119, 1125 (9th Cir. 2000). As is

discussed below, the evidence used by the ALJ in deciding to reject the plaintiff's subjective symptom testimony satisfied the substantial evidence standard, and therefore her interpretation of the evidence is entitled to deference by the Court.

Plaintiff claims that the ALJ improperly discredited plaintiff's subjective symptom testimony based on her activities of daily living. Plaintiff testified that she had attended the UO for over a year at the time of the hearing. She testified that she received academic accommodations and was on a three-quarters course load at the time of the hearing. Plaintiff was able to attend university-level theater classes and to excel at the same, earning no grade lower than an "A" over the course of two terms. The ALJ found this to be inconsistent with plaintiff's symptom testimony, even when consideration is given to the accommodations granted to plaintiff by UO. Completion of high school while allegedly disabled has previously been found by the Ninth Circuit to be a valid reason to discount claimant's subjective symptom testimony, and the reasoning extends to successful completion of multiple university-level courses with excellent academic performance. *Bayliss,* 427 F.3d at 1216. Plaintiff was also able to regularly attend AA meetings approximately twice per week.

The ALJ cited several specific examples of plaintiff's inconsistent statements. First, the ALJ noted that despite plaintiff's reported significant mental health symptoms, she "presented with adequate grooming and hygiene[,] [s]he was able to complete [...] intake forms and written test materials independently[,] [she] was oriented to [...] person, place, and day, and her thought processes were logical, linear, and content was relevant and normal, with no evidence of any thought disorder, delusions, or hallucinations." Tr. at 27. The ALJ further noted that,

> [t]he [plaintiff]'s reported activities of daily living do not support a finding of disability. The claimant reported that she was able to wash dishes, make the bed, fold laundry, and vacuum. She reported that she was able to shop for groceries and prepare dinner for her roommate. The claimant attends Alcoholics Anonymous meetings about twice a week. She does yoga 2 days a week. She enjoys reading, listening to music, and putting puzzles

together. She is in school at the University of Oregon studying theatre and will graduate in the spring. She reports difficulty being around others, but also indicated that she had made some acquaintances at school. Further, the record indicates that the claimant had a part in a play, and was having rehearsals every night. The claimant also reported that she was 'heavily involved' with organizing a reunion gig of a band she played in 30 years ago. The claimant has reported significant social limitations related to her mental health symptoms; however, her reported activities are inconsistent with finding any more than moderate social limitations.

Tr. at 28.

The ALJ found the inconsistency in plaintiff's subjective symptom statements particularly clear in view of plaintiff's performance at school. The ALJ noted that plaintiff "had been in school over the last year and was doing well. She reported that she would likely be on the Dean's List at school. This success, while commendable, is wholly inconsistent with a finding of disability." Tr. at 29. Plaintiff argues that her academic performance and ability to succeed in social settings are actually evidence of her cognitive impairment, given the part-time nature of the schooling and accommodations given her. Although that is one plausible way to interpret the evidence, the record does not compel that conclusion. *See Batson*, 359 F.3d at 1196 (9th Cir. 2004) (requiring courts to uphold the Commissioner where evidence exists to support more than one rational interpretation).

The ALJ also took note of plaintiff's ability to resolve many, if not most, of her symptoms with proper medication and avoidance of alcohol.[1] An unexplained or inadequately explained failure to follow a prescribed course of treatment that is not attributable via medical evidence to the plaintiff's mental impairment is a proper ground for evaluating credibility. *Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012). The plaintiff had repeatedly stopped

---

[1] Additionally, the ALJ took note of plaintiff's self-reporting of limitations from bipolar disorder II and an obsessive compulsive disorder, despite there being no diagnoses of such in the record. Tr. at 25. While the plaintiff was hospitalized for psychiatric inpatient treatment several times, only one to two episodes led to a period of decompensation, none for an extended period of time.

her medications and her treatment plans without the order of her doctor, and not because of her underlying mental issue. The ALJ properly found that the plaintiff could manage her symptoms when taking her prescribed course of medications and abstaining from alcohol use.

The plaintiff claims that the ALJ's findings regarding plaintiff's testimony are cherry-picked to reach an adverse conclusion, for example, that the plaintiff was able to excel in school with accommodations, rather than viewing the accommodations as a limiting factor. Despite the inconsistencies between plaintiff's reported subjective symptom testimony and the overall record, however, the ALJ still found some parts of her testimony to be useful and credible, including some of those parts that contained inconsistencies. "Also incongruous with her reported social limitations is her participation in a play, with nightly rehearsals and then performances, which involves working closely with cast members and performing in front of an audience. Nevertheless, I have limited her to occasional and indirect contact with coworkers and the general public to account for [...] some of her alleged social limits." Tr. at 28. Thus the ALJ did not "delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017). The ALJ

> need not totally accept or totally reject the individual's statements. Based on consideration of all of the evidence in the case record, the adjudicator may find all, only some, or none of an individual's allegations to be credible. The adjudicator may also find an individual's statements, such as statements about the extent of functional limitations or restrictions due to pain or other symptoms, to be credible to a certain degree.

SR 96-7p, at 4.

The ALJ is obligated to provide "specific, clear, and convincing" reasons for discounting a claimant's subjective symptom testimony, and I am satisfied that the ALJ did so in this case. The ALJ "...state[d] specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen* at 1284. Thus, the ALJ did not err in discounting plaintiff's subjective symptom testimony.

*IV.    SCOPE OF REMAND*

Having determined that the ALJ committed harmful error, I now turn to whether this case should be remanded for further proceedings or an immediate award of benefits.

The Ninth Circuit has developed a three-step process to determine whether a Social Security appeal should be remanded for further proceedings or for an immediate award of benefits. *Smolen*, 80 F.3d at 1292. At step one, the reviewing court must determine whether the ALJ made a harmful legal error, such as failing to provide legally sufficient reasons for rejecting evidence. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). At step two, the court reviews the record as a whole to determine whether the record is fully developed and free from conflicts, with all essential factual issues resolved. *Id.* Step two is the most important step because "the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000) (citation omitted). If the record is fully developed, the court proceeds to step three and considers "whether the ALJ would be required to find the plaintiff disabled on remand if the improperly discredited evidence were credited as true." *Dominguez*, 808 F.3d at 407 (citations omitted).

I have determined that the ALJ made a harmful legal error in failing to fully incorporate plaintiff's moderate limitations in concentration, pace, and persistence into the formulation of the RFC. Consequently, this limitation was withheld from the hypothetical posed to the VE.

The failure to incorporate all of plaintiff's limitations into the RFC and subsequent VE hypothetical requires further development of the record. See *Samples v. Comm'r of Soc. Sec. Admin.*, 466 Fed. Appx. 584, 586 (9th Cir 2012). Thus, there is no need to proceed to step three of the analysis.

On remand, the ALJ shall reformulate plaintiff's RFC and pose a new hypothetical to the VE in order to consider anew whether plaintiff is able to perform past relevant work or other work existing in the national economy.

## CONCLUSION

The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated this 28th day of February 2018.

_____
Ann Aiken
United States District Judge