## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

PENTA S.[1],

      Plaintiff,

    v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Civ. No. 6:16-cv-01615-AA

**OPINION & ORDER**

_____

AIKEN, District Judge:

    This case comes before the Court on the Commissioner's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e).  ECF No. 30. For the reasons set forth below, the motion is DENIED.

### LEGAL STANDARD

    Under Rule 59(e), a party may move "to alter or amend a judgment" within 28 days of its entry.  Fed. R. Civ. P. 59(e).  "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)."  *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003).  A motion to alter or amend a judgment under Rule 59(e) is, however, an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."

_____

[1] In the interest of privacy, this opinion uses only first name and the initial of the last name of the non-governmental party or parties in this case.

*Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). A district court may grant a Rule 59(e) motion if it "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (internal quotation marks and citation omitted, alteration normalized). This standard presents a "high hurdle" for a litigant seeking reconsideration under Rule 59(e). *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

In addition, "Rule 59(e) permits a court to alter or amend a judgment but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks and citation omitted); *see also Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (affirming district court's denial of Rule 59(e) motion that "repeated legal arguments made earlier.").

## DISCUSSION

In its motion, the Commissioner asserts that the Court committed clear error when it "found the RFC defective because it did not include the words 'moderate difficulties in concentration, persistence, or pace,'" because "the ALJ was not required to include the finding that Plaintiff [had] moderate difficulties with concentration, persistent, or pact in the residual functional capacity." Def. Mot. 2.

This is not what the Court concluded. Rather, the Court found that the ALJ had failed to fully incorporate her earlier findings concerning moderate difficulties in concentration, persistence, and pace when formulating Plaintiff's RFC. Opinion & Order ("O&O"), 4-5. ECF No. 28. The Court did not find that the ALJ needed to include any particular or specific words as the Commissioner suggests in its motion.

The balance of the Commissioner's motion is devoted to arguing that the ALJ's formulation of Plaintiff's RFC was legally sufficient and supported by substantial evidence. This issue was included in the Commissioner's Brief, ECF No. 22, and was fully litigated. Motions brought under Rule 59(e) are not intended to permit parties to relitigate old matters.

The Court concludes that the Commissioner has failed to meet the "high hurdle" necessary to justify reconsideration under Rule 59(e). The Commissioner's Motion, ECF No. 30, is DENIED.

It is so ORDERED and DATED this ___26th___ day of July 2023.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge